Aaron **BARZILAY**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

Civ. A. No. 65-526-Civ-WM.

United States District Court
S. D. Florida,
Miami Division.

Aug. 2, 1966.

Melvin N. Greenberg, of Greenberg & Saks, Miami, Fla., for plaintiff.

Mitchell Rogovin, Asst. Atty. Gen., and Stanley F. Krysa and Charles L. Ruffner, Attorneys, Department of Justice, Washington, D. C., and William A. Meadows, Jr., U. S. Atty., and Alfred E. Sapp, Asst. U. S. Atty., Miami, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MEHRTENS, District Judge.

This is a tax refund suit instituted by the plaintiff to recover taxes in the amount of $14,353.11 for the year 1961.

### ISSUES

1. Whether defendant should be permitted to amend its answer to plead the affirmative defense of collateral estoppel.

2. Whether plaintiff is collaterally or directly estopped to deny that the amount of $33,308.15 paid to Aaron and Nancy Barzilay during the year 1961 was a nondeductible corporate dividend.

### FINDINGS OF FACT

Plaintiff is AARON BARZILAY, a citizen of the United States of America, over the age of twenty-one (21) years, with offices at American National Bank Building, 1415 East Sunrise Boulevard, Fort Lauderdale, Florida, who, for the calendar year 1961, elected under Section 1361 for AARON BARZILAY (mutual funds), a proprietorship, to be taxed as a corporation.

The defendant is the UNITED STATES OF AMERICA.

This case is related to the case of Barzilay v. United States, D.C., 248 F.Supp. 759, decided by this Court on December 16, 1965, in an opinion upon which judgment was entered on December 29, 1965 (hereinafter referred to as the "earlier" case).

The stipulation of facts entered into in the earlier case is equally applicable here. These facts may be briefly summarized as follows:

Aaron Barzilay, an individual taxpayer, was engaged in operating a proprietorship dealing in the business of mutual funds during the years 1960 and 1961. During the year 1961 he maintained two checking accounts, designating one as his business account and one as his personal account. Periodically, as the need arose, he drew checks from the business account (called "drawings") which were deposited in his individual account. It was his customary procedure to draw a check on the business account in payment of his estimated income taxes when they became due. During 1961 such personal drawings amounted to $48,000, of which $5,847.38 was drawn payable to the Internal Revenue Service to pay his personal income tax liability for 1960, and $32,000 was so drawn and paid on account of his personal income tax liability for 1961.

On December 7, 1961, Aaron Barzilay properly elected to have his proprietorship taxed as a corporation, pursuant to Section 1361 of the Internal Revenue Code of 1954, for the year 1961 and for following years. He filed a separate federal income tax return on Form 1120 for his "section 1361 corporation" for the year 1961 and that tax return forms the basis for this lawsuit. The corporate return showed total distributions as follows:

| | |
|---|---|
| Salary allowance | $48,000.00 |
| Payment for federal income taxes | 37,847.38 |
| Purchase of Fidelity-Philadelphia Trust Fund for Corp. | 5,000.00 |
| Dividend to Proprietor | 78.85 |
| Total | $90,926.23 |

The individual taxpayer and his wife also filed a joint individual federal income tax return on Form 1040 for the year 1961 on which the aforementioned salary of $48,000 and dividend of $78.85 were reported as taxable income, but the $37,847.38 paid with respect to their 1960 and 1961 income tax liabilities was not reported as taxable income on that return.

The Internal Revenue Service conducted an audit and determined that $33,308.15 of the $37,847.38 paid by the section 1361 corporation on account of the taxpayer's 1960 and 1961 income tax liabilities was a distribution taxable to him as a dividend under the provisions of Section 1361(k) of the Internal Revenue Code of 1954. That dividend was determined as follows:

| | |
|---|---|
| Estimated tax for 1961 paid within that year by the corporation on Aaron Barzilay's 1961 individual income tax | $32,000.00 |
| $\frac{23.72*}{100.00}$ x 5847.37 (Balance of Barzilay's 1960 income tax paid by the corporation in 1961) | 1,387.00 |
| | $33,387.00 |
| Less: Dividend reported | 78.85 |
| Unreported dividend determined | $33,308.15 |

*Ratio of other than business income to total income reported on Aaron Barzilay's 1960 return

A deficiency was accordingly assessed against the individual taxpayers and was paid by them. That deficiency formed the basis for the earlier lawsuit.

In addition to the stipulated facts of the earlier case, the following facts have been found and are not disputed by the parties:

Plaintiff herein, Aaron Barzilay, individual, on behalf of the section 1361 corporation (hereinafter referred to as "plaintiff" or "corporation"), filed a timely income tax return on Form 1120 for the taxable year ended December 31, 1961, with the District Director of Internal Revenue and paid income taxes on account of such return in the amount of $31,673.35. The amounts shown as distributions to the proprietor, as well as the compensation paid to officers, were set forth in that return as set forth, supra.

On or about October 8, 1963, plaintiff filed with the District Director of Internal Revenue in Jacksonville, Florida, a claim for refund in the amount of $14,-353.11, alleging that the corporation made distributions aggregating $33,308.-15 as compensation for services rendered, and should thereby be entitled to a deduction for such amounts under Section 162 of the 1954 Internal Revenue Code.

On October 7, 1964 plaintiff received a 30-day notice, and on April 8, 1965, a letter by regular mail from the District Director stating that the claim for refund had been disallowed.

On April 15, 1965, plaintiff's claim for refund was formally denied by the mailing of a certified notice of claim disallowance pursuant to the provisions of section 6532(a) of the 1954 Internal Revenue Code.

On July 20, 1965, plaintiff filed this lawsuit, contending that the District Director erroneously and illegally treated distributions by plaintiff in the amount of $33,308.15 as dividend distributions out of earnings and profits pursuant to 1954 Code Sections 301 and 316, and thereby refused to allow plaintiff a de-duction for such amount as compensation for services rendered.

The Government contends that the distributions which form the basis for this lawsuit, in the total amount of $33,308.15, were dividend distributions out of earnings and profits, and that plaintiff is, in addition, collaterally estopped to deny this fact.

In the earlier case of Barzilay v. United States, D.C., 248 F.Supp. 759, this Court specifically found that the amount of $33,308.15 of the $37,847.38 paid to the Internal Revenue Service by the plaintiff on account of the individual income tax liabilities of Aaron and Nancy Ann Barzilay for the years 1960 and 1961 was a distribution taxable to him as a dividend under the provisions of Section 1361(k), 1954 Internal Revenue Code. At page 762 of its opinion, this Court specifically found, regarding Section 1361(k), that:

> The effect of this subsection is to treat all distributions, other than distributions in redemption or liquidation, as taxable dividends.

And, after discussing the Commissioner's computation of the portion of the payment by the corporation, in 1961m of income taxes for 1960 attributable to non-business income and hence to the individuals, this Court further stated (p. 763):

> The resulting product was $1,387, which was treated and taxed as a distribution to the taxpayer under Section 1361(k) of the Code. This treatment was not only consistent with, but was compelled by the intent of the statute and by Section 1.1361–10(b) (3) of the Regulations, for the debt, to the extent of $1,387, was not that of the "section 1361 corporation" (that corporation only being taxable on its income), but was the personal obligation of the taxpayer (having been incurred with respect to his individual non-business income).

And the Court included the payments made with respect to the year 1961 in its opinion by ruling (pp. 763, 764).

As to the year 1961, the Commissioner determined that the entire $32,000 which was paid on account of the taxpayer's income tax liability for that year was a taxable distribution within the meaning of Section 1361(k) of the Code. This determination, contrary to the assertion of the taxpayer, was and is entirely consistent with Section 1.1361–10(b) (3), for that section has no application to payments made with respect to the taxpayer's individual income tax liability for the year 1961. The very language of that section demonstrates that it is only applicable to payments "properly attributable to the business enterprise" of the corporation in the course of the operation of its business. * * * In short, the taxpayer's insistence upon the $32,000 being a payment "attributable to the business enterprise" within the meaning of Section 1.1361–10(b) (3) of the Regulations completely ignores that very language of that section and the explicit purpose of 1361. In view of that language and that purpose, there can be no other conclusion but that the $32,000 was a taxable distribution within the meaning of Section 1361(k).

* * * * * *

And, to further clarify its decision beyond any doubt or ambiguity, this Court reiterated its reasoning (p. 764):

Thus, taxpayer paid his taxes with corporate funds; instead of paying taxes out of his $48,000 salary, as all other individuals do. He kept that salary intact and had the taxes thereon paid by his "section 1361 corporation." * * * It is taxpayer's retention of the $32,000 for his own benefit which created the additional income and the tax liability in suit. The payment of that sum from business funds was therefore a taxable distribution under Section 1361(k).

Defendant's answer in this case was served on September 17, 1965, within the time limits prescribed by the Federal Rules of Civil Procedure. Judgment was entered on the earlier case on December 29, 1965, and the time limit for filing a notice of appeal expired in the latter case on February 28, 1966, without a notice of appeal having been filed by the plaintiffs in that case. Therefore, defendant's inchoate defense of collateral estoppel did not mature until the decision in the earlier case became final.

The issue of whether or not the distributions were dividends to the individual plaintiffs, and taxable to them as such was at issue and was briefed and argued by the parties in the earlier case.

The government seeks leave to amend its answer to plead the affirmative defense of collateral estoppel, and to have plaintiff's complaint dismissed with prejudice on the basis of such defense.

### LAW AND OPINION

Collateral estoppel is dealt with in the Restatement of the Law of Judgments (hereinafter referred to as the "Restatement"). The Restatement states the rule that (Sec. 45, p. 174):

Where a valid and final personal judgment is rendered in an action to recover money, the judgment is conclusive between the parties, except on direct attack, to the following extent:

* * * * * *

(b) if the judgment is in favor of the defendant and is on the merits, the cause of action is extinguished;

(c) whether the judgment is in favor of the plaintiff or of the defendant, it is conclusive in a subsequent action between them upon the issues actually litigated in the action.

In its comment on section 45(c) (p. 175), the Restatement explains that, in a subsequent action between the parties on a different claim or cause of action, the judgment is conclusive as to issues raised in the subsequent action if those issues were actually litigated and determined in the prior action, and adopts the term "collateral estoppel" to indicate that the binding effect of a judgment, as to matters actually litigated and determined in one action, applies to subsequent controversies between the parties involving a

different cause of action from that upon which the original judgment was based.

In Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897), Justice Harlan stated:

"The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

The meaning and scope of the doctrine of collateral estoppel, especially as it relates to tax cases, are thoroughly and exhaustively pursued in Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 and The Evergreens v. Nunan, 141 F.2d 927, 152 A.L.R. 1187 (C.A.2d), certiorari denied Evergreens v. Commissioner, 323 U.S. 720, 65 S.Ct. 49, 89 L.Ed. 579. In the former case, the Supreme Court, after quoting from and adopting the views of the Restatement, as summarized above, stated (333 U.S. pp. 598 and 599, 68 S.Ct. pp. 719 and 720):

These same concepts are applicable in the federal income tax field. * * * Collateral estoppel operates, in other words, to relieve the government and the taxpayer of "redundant litigation of the identical question of the statute's application to the taxpayer's status."

And, at page 601, 68 S.Ct. at page 721, the Court stated:

Of course, where a question of fact essential to the judgment is actually litigated and determined in the first tax proceeding, the parties are bound by that determination in a subsequent proceeding even though the cause of

action is different. See [The] Evergreens v. Nunan, 2 Cir., 141 F.2d 927.

The oft-quoted language of The Evergreens v. Nunan is helpful in the case at bar. That court reasoned that (pp. 928, 929):

It is of course well-settled law that a fact, once decided in an earlier suit, is conclusively established between the parties in any later suit, provided it was necessary to the result in the first suit. * * * However, a "fact" may be of two kinds. It may be one of those facts, upon whose combined occurrence the law raises the duty, or the right, in question; or it may be a fact, from whose existence may be rationally inferred the existence of one of the facts upon whose combined occurrence the law raises the duty, or the right. The first kind of fact we shall for convenience call an "ultimate" fact; the second, a "mediate datum." "Ultimate" facts are those which the law makes the occasion for imposing its sanctions.

The first question is whether, in ascertaining which facts, of those decided in the first suit, are conclusively established, the court in the second suit may go beyond the judgment roll. It has been long the law that it can. * * * The next question is whether, after the court in the second suit has learned what the court in the first suit actually did decide, the judgment conclusively establishes for any purpose any other facts than those which were "ultimate" in the first suit; that is to say, whether any facts decided in the first which were only "mediate data" in that suit, are conclusively established in the second suit. Some courts hold that only facts "ultimate" in the first suit are conclusively established. * * * other courts refuse to distinguish between "ultimate" facts and "mediate data" decided in the first suit, so long as they were necessary to the result. * * * We need not choose between these two doctrines, because, as we have seen, the Board decided nothing in the first pro-

ceedings which was both a "mediate datum" in that proceeding and necessary to the result.

\* \* \* \* \* \*

It is, as we have said, a condition upon the conclusive establishing of any fact that its decision should have been necessary to the result in the first suit. That is a protection, for it means that the issue will be really disputed and the loser will have put out his best efforts. It can make no difference in this regard whether the original issue was as to an "ultimate" fact or as to a "mediate datum"; the parties can have no interest in what place in the logical hierarchy the issue occupies, if only the final outcome hinges upon it.

In Yates v. United States, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 and Sealfon v. United States, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180, the Supreme Court reiterated its position that a party may be precluded, under the doctrine of collateral estoppel, from attempting a second time to prove a fact that he sought unsuccessfully to prove in a prior action, where the determination of fact, or mixed question of fact and law, was essential to the decision.

The Fifth Circuit has also had occasion to consider the doctrine of collateral estoppel. In Alexander v. Commissioner, 224 F.2d 788 it followed and discussed the rationale of both *Sunnen*, supra, and *The Evergreens*, supra, and found the doctrine inapplicable where the legal matter raised in the second proceeding involved a different set of events or bundle of legal principles than the ones which contributed to the rendering of the first judgment. In Hyman v. Regenstein, 258 F.2d 502, 510, 511, the Fifth Circuit adopted its own version of *The Evergreens* rule, after discussing Judge Learned Hand's doctrine in that case of "Ultimate facts" versus "mediate data":

We would state the limitation, and apply it to this case: collateral estoppel by judgment is applicable only when it is evident from the pleadings and record that determination of the fact in

question was necessary to the final judgment and it was foreseeable that the fact would be of importance in possible future litigation.

This rule is in accordance with Section 68(*o*) of the Restatement and is applicable to the case at bar. Clearly the determination made in the earlier case that the amounts paid on account of Aaron and Nancy Barzilay were dividend distributions was an ultimate fact necessary to the final judgment, and it is equally clear that the fact would be of importance in pending (not merely in "possible") litigation, since the instant case was filed simultaneously with, and pending at the time of trial of, the earlier case. The determination of that ultimate fact precludes and collaterally estops plaintiff herein from seeking any further determination of this issue.

In his deposition, taken on January 12, 1966, Aaron Barzilay admitted that he owns and has at all times owned the controlling shares in the corporation. It was Aaron Barzilay who was the plaintiff in the earlier suit. A section 1361 corporation is not a true corporation, it is simply a method whereby, for income tax purposes, an unincorporated business is treated and taxed as a corporation, and this Court recognized this fact in its opinion in the earlier case. Aaron Barzilay was at all times and still is the proprietor of this unincorporated business. In the instant case, plaintiff is Aaron Barzilay, an individual suing in his own name and in his individual capacity. Despite the fact that the individual has elected to have his proprietorship pay tax as if it were a corporation, the so-called corporation has no legal standing to sue or be sued as a corporation; it has no legal standing or existence as an entity— it is merely an unincorporated proprietorship which made an election with respect to the method by which it wished to be taxed under federal law. Plaintiff herein recognized this fact when he brought this lawsuit in his individual name, alleging in his complaint that he was a United States citizen, over the age of twenty-one (21) years, who, for

the calendar year 1961, elected to have his proprietorship taxed as a corporation. Aaron Barzilay was also the plaintiff in the earlier lawsuit. Therefore, the prerequisites necessary for this Court to find a valid collateral estoppel, namely a prior final adjudication of the same issue and privity or identification of parties, have been met.

The record before this Court on defendant's motion to dismiss clearly shows that (1) the issue sought to be litigated in this action was decided adversely to the plaintiff in the prior case, (2) such adjudication was essential to the decision in the prior action and (3) Aaron Barzilay is the plaintiff in the instant action as he was in the prior action. Accordingly he is bound by the Court's finding in the prior action that the sums in dispute constituted dividend distributions, and are not deductible in this action as further compensation. Thus, this is a classic case of collateral estoppel.

## CONCLUSIONS

 Plaintiff will not be prejudiced by defendant's assertion of the defense of collateral estoppel at this time, and it is a defense which arose subsequent to the filing of its answer. Therefore, justice requires that defendant be, and defendant hereby is permitted to amend its answer to plead the affirmative defense of estoppel, in accordance with Rule 15 (a) and (d) of the Federal Rules of Civil Procedure.

This result is equitable, since the outcome of the former trial, which if favorable would have redounded to plaintiff's benefit, would have estopped the defendant from asserting that the items in issue were dividend distributions. It matters not that, had plaintiff prevailed in the former action, he would have had little reason for contending that the distributions, as herein involved, were other than what they purport to be on the corporation return—the defendant would still have been precluded from relitigating the dividend issue in any respect.

 Defendant's motion to dismiss is evidently intended as a motion for summary judgment. See Rule 12(b) of the Federal Rules of Civil Procedure. The pleadings and the briefs indicate that the facts are not in dispute. Since there is no genuine issue of material fact, and since matters outside of the pleadings were presented and not excluded by this court, the motion has been treated as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, and all parties have been given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Plaintiff's complaint shall be dismissed with prejudice and defendant shall be awarded its costs.